UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN I. BANDAK,<br>    Plaintiff,<br><br>vs.<br><br>THE ELI LILLY AND COMPANY<br>RETIREMENT PLAN, and THE<br>EMPLOYMENT BENEFITS COMMITTEE<br>OF THE ELI LILLY AND COMPANY<br>RETIREMENT PLAN,<br>    Defendants. | 1:06-cv-1622- LJM-JMS |

### ORDER ON DEFENDANTS' MOTION TO DISMISS COUNT II

This cause is before the Court on Defendants', The Eli Lilly and Company Retirement Plan ("the Plan"), and The Employment Benefits Committee of The Eli Lilly and Company Retirement Plan (the defendants collectively, "Eli Lilly"), Motion to Dismiss Count II of the Plaintiff's Complaint (Docket No. 14). Plaintiff, Stephen I. Bandak ("Bandak"), initiated this lawsuit pursuant to the Employee Retirement Insurance Security Act ("ERISA"). Bandak's Complaint presents two claims: a claim for wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) ("Count I"), and a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3)(A) ("Count II"). In Count I, Bandak seeks to recover benefits that he claims are due to him. In Count II, Bandak seeks injunctive relief for participants in the Plan. Eli Lilly seeks to have Count II dismissed pursuant to Federal of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), for failure to state a claim upon which relief can be granted.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892

F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

Here, Eli Lilly argues that Bandak may not seek relief under § 1132(a)(3) in Count II because he has a right to directly seek benefits under § 1132(a)(1), a right that he is exercising in pleading Count I. Eli Lilly contends that Count II is simply Count I repackaged and compares identical language contained in both counts. *See* Reply Br. at 8 (comparing Complaint, ¶ 69 with Complaint, ¶ 75). Bandak counters that he is asserting two distinct and viable claims. He further asserts that

he seeks plan-wide injunctive relief in Count II and that both claims are necessary in order to a obtain complete remedy. The Court concludes that dismissal is warranted in this case.

The Supreme Court has stated that subsection (a)(3) is a "catchall" provision that offers appropriate equitable relief for injuries caused by violations that ERISA does not already remedy elsewhere. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Thus, where ERISA already provides adequate relief, no further relief is appropriate as a general rule. *See id.* at 515. Based on the Supreme Court's conclusions in *Varity*, numerous courts have concluded that if a plaintiff can recover under another section of ERISA, he may not seek relief under section 1132(a)(3). *See, e.g., Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 454 (6th Cir. 2003); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, (11th Cir. 1999), *reh'g and reh'g en banc denied*, 209 F.3d 726 (2000); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Meltzer-Marcus v. Hitachi Consulting*, No. 03 C 7687, 2005 U.S. Dist. LEXIS 22094, *36-38 (N.D. Ill. September 30, 2005); *Jurgovan v. ITI Enter.*, No. 03 C 4627, 2004 U.S. Dist. LEXIS 11489, *5-10 (N.D. Ill. June 23, 2004). The Court agrees with the holdings of those cases and concludes that Bandak may not seek relief under subsection (a)(3) because he potentially may recover benefits under subsection (a)(1)(B).

Bandak nonetheless claims that decisions in other Circuits support his position. While at first blush this might appear to be the case, the Court concludes that a careful reading of those cases shows that they are factually dissimilar or actually support dismissal. For example, *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 718 (6th Cir. 2005), involved a claim on behalf of a putative class that was different than the individual representative plaintiffs' claims for benefits.

*Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1197-98 (8th Cir. 1998), on the other hand, supports the Court's conclusion that dismissal of Count II is warranted. There, while concluding that the

plaintiff's allegations under subsection (a)(3) stated a claim different than the plaintiff's subsection (a)(1) claim, the Eighth Circuit nonetheless affirmed the district court's decision to grant summary judgment in favor of the defendant and dismiss the subsection (a)(3) claim. The Eighth Circuit concluded that the claims of any putative class members would be barred by the fact that the members could assert their own claims under subsection (a)(1). *Id.*

Here, unlike the situation in *Hill* and *Hall*, Bandak has not filed a class action, nor is he seeking to bring a class action on behalf of other plan participants under any other section. Indeed, Bandak has not sought relief on behalf of the Plan under subsection (a)(2) for breach of fiduciary duty. Even if Bandak were attempting to bring a class action, it is not clear that he would have standing to do so given that he would be barred from bringing a claim under subsection (a)(3) for himself. Likewise, it is clear that any claim that a putative class member would have would be barred because each member would have a potential, and appropriate, remedy available under subsection (a)(1). Similarly, Bandak has a potential remedy available under subsection (a)(1), and it is upon that section that he must rely if he is to obtain any relief.

Based on the foregoing, the Court concludes that Count II should be dismissed. Accordingly, Eli Lilly's motion is **GRANTED** and Count II of the Complaint is **DISMISSED with prejudice**.

IT IS SO ORDERED this 10th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**

Gregory C. Brubaker
HOOVER HULL LLP
gbrubaker@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

John W. Purcell
BAKER & DANIELS
john.purcell@bakerd.com

Paul A. Wolfla
BAKER & DANIELS
paul.wolfla@bakerd.com