UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN I. BANDAK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1622-LJM-JMS |
| | ) | |
| THE ELI LILLY AND COMPANY | ) | |
| RETIREMENT PLAN, and THE | ) | |
| EMPLOYEE BENEFITS COMMITTEE | ) | |
| OF THE ELI LILLY AND COMPANY | ) | |
| RETIREMENT PLAN, | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND FOR ATTORNEYS' FEES

This matter comes before the Court on Plaintiff's, Stephen I. Bandak ("Bandak"), Motion for Entry of Final Judgment and for Attorneys' Fees on his claim against Defendants, The Eli Lilly and Company Retirement Plan (the "Lilly Plan") and the Employee Benefits Committee of the Eli Lilly and Company Retirement Plan (the "Committee") (collectively, "Defendants"), for benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), specifically ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The Court has considered the parties' arguments and, for the following reasons, **GRANTS** Bandak's Motion.

# I.  **BACKGROUND**[1]

On September 8, 2008, the Court issued its Order on the parties' Cross Motions for Summary Judgment.  Dkt. No. 104.  In that Order, the Court concluded that the Lilly Plan had wrongfully offset Bandak's retirement benefits.  *Id.* at 13-14.  The Court reasoned that the Defendants' interpretation of the Lilly Plan that enabled Defendants to offset Bandak's retirement benefits "lack[ed] a rational connection between the issue, the evidence, the text and the decision made."  *Id.* at 14.  Therefore, the Court granted Bandak's Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment.  The Court did not enter final judgment at that time because Bandak had not presented any evidence as to damages and fees.

Bandak now moves the Court to: (1) enter final judgment as to the amount of the offsets that Defendants wrongfully reduced from Bandak's Lilly Plan benefits in addition to prejudgment interest thereon; (2) enjoin the Lilly Plan from offsetting any of Bandak's future Lilly Plan benefits by the amount of his future UK Pension Plan benefits; (3) enjoin the Lilly Plan from offsetting foreign pension plan benefits against plan members situated similarly to Bandak; and (4) award Bandak his attorneys' fees.

# II.  **DISCUSSION**

The parties dispute the amount of the final judgment that the Court should award, the expansiveness of the injunctive relief that the Court should award, and whether or not the Court should award attorneys' fees.  The Court considers each issue in turn.

---

[1] The Court assumes familiarity with the facts as stated in the Court's Order on Cross Motions for Summary Judgment.  *See* Dkt. No. 104.

## A.  JUDGMENT AWARD

Bandak argues that the Court should enter judgment in the amount of $100,222.86, plus prejudgment interest compounded at a rate of 4.35%.  This amount includes not only the offsets that Defendants made to Bandak's Lilly Plan payments for twenty-five months, but also the offsets by Defendants to a non-qualified pension plan in the amount of $4,966.11.

Defendants concede that, pursuant to the Court's Summary Judgment Order (Dkt. No. 104), it owes $95,256.75 to Bandak, plus prejudgment interest.  Defs.' Br. at 2-3.  However, Defendants argue that the Court should not enter judgment on the amounts taken from the non-qualified pension plan because those offsets were not mentioned in the pleadings and that non-qualified plan is not a party to the present lawsuit.  However, by Defendants own admission, "the $4,966.11 in adjusted payments under the non[-]qualified plan would not have been made unless the offsets under the Plan also were made."  Therefore, there is no dispute that the adjustments to the non-qualified plan would not have happened but for the wrongful offsets to Bandak's Lilly Plan benefits.  Accordingly, the Court concludes that Bandak is entitled to $100,222.86, the full amount taken from him as a result of Defendants' wrongful actions, plus prejudgment interest at a compounded rate of 4.35%[2] in the amount of $4,637.69.

---

[2] This rate equals the prime rate as of November 20, 2008, plus .35% to account for the risk of default.  *See Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 820 (7th Cir. 2002).  The parties do not dispute this rate.

3

## B.  INJUNCTIVE RELIEF

As Defendants point out, Bandak requests varying levels of injunctive relief.  In his brief, Bandak requested "permanent injunctive relief from the Court prohibiting the Lilly Plan from offsetting any of his future benefits under the Lilly Plan by amounts paid to him under the UK Pension Plan."  Pl.'s Br. at 8.  However, Bandak's proposed order suggested different relief: "Defendants are permanently enjoined from offsetting any pension payments owed to Dr. Bandak under any Eli Lilly and Company qualified or non-qualified pension plans by the pension payments remitted to Dr. Bandak from any of Eli Lilly and Company's foreign affiliates."

Defendants concede that the injunctive relief requested in Bandak's brief parallels what the Court's summary judgment order requires.  However, Defendants argue that the proposed order goes too far, and that any injunctive relief should be limited to offsets made to Bandak's Lilly Plan payments in the amount of his UK Plan payments.

The Court agrees that the language in the proposed order exceeds the relief to which Bandak is entitled because such an injunction would limit Defendants' ability to offset any of Bandak's retirement benefits from any qualified or non-qualified plan by payments remitted to Bandak from any of Lilly's foreign affiliates.  The issue in this case was whether Defendants' could offset Bandak's benefits under a specific plan, the Lilly Plan, by payments remitted to Bandak from another specific plan, the UK Plan.  The Court concludes that Bandak is entitled to injunctive relief that prohibits the Lilly Plan from offsetting any of his future benefits under the Lilly Plan by amounts paid to him under the UK Pension Plan.

Bandak also requests injunctive relief for "similarly situated individuals."  Pl.'s Br. at

9-10. Bandak requests that the Court reconsider its previous Order on Defendants' Motion to Dismiss (Dkt. No. 55), in which the Court dismissed Bandak's claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(3)(A). In defending against Defendants' Motion to Dismiss, Bandak argued that plan-wide injunctive relief was necessary to obtain a complete remedy. However, the Court concluded that relief under §1132(a)(3) was unavailable to Bandak because he could receive an adequate remedy under § 1132(a)(1). Dkt. No. 55, at 3-4. The Court reasoned that "where ERISA already provides adequate relief, no further relief is appropriate as a general rule." *Id.* at 3. The Court also noted that Bandak had not pursued a class action and doubted whether or not he could assert such an action even if he so chose. *Id.* at 3-4.

Here, Bandak asserts similar arguments that plan-wide injunctive relief is necessary, but he has not demonstrated why the Court should reach a different result, other than pointing to the Court's "equitable authority" under 29 U.S.C. § 1132(a)(3)(A). The Court declines to reconsider its earlier Order, and concludes that plan-wide injunctive relief for similarly situated individuals is not warranted at the present time. If Defendants have offset other individuals' retirement benefits under the Lilly Plan because of payments from the UK Pension Plan, those individuals are free to pursue claims under § 1132(a)(1).

## C. ATTORNEYS' FEES

The Court has discretion under ERISA to award attorneys' fees and costs. *See* 29 U.S.C. § 1132(g); *see also Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670 (7th Cir. 2007). There is a "modest presumption" in this Circuit that prevailing parties are

entitled to recover reasonably attorneys' fees.  *See Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000).  The Seventh Circuit has articulated two different tests to determine whether a prevailing party is entitled to attorneys' fees in ERISA actions.  *See id.*  One test considers the following five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.  *See id.* at 592-93 (citations omitted).  Under the second test, the Court looks to whether or not the losing party's position was "substantially justified."  *Id.* at 593 (citations omitted).  As the Seventh Circuit has stated, "[r]egardless of which test is used, however, the question asked is essentially the same: '[W]as the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'"  *Id.* (citations omitted).[3]

Defendants argue that the Court should not award Bandak any attorneys' fees because their position had substantial justification and was taken in good faith.  The Court disagrees and concludes that Defendants' position did not have substantial justification.  In its Summary Judgment Order, the Court concluded that "[t]he Committee's decision that 'qualified defined benefit plan' applies to foreign benefit plans under Section 12.05(a), in

---

[3] The Court notes Defendants' argument that their position was not "wholly unjustified."  Defs.' Br. at 6 (citing *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 479 (7th Cir. 1998).  Although the *Quinn* court used the "wholly unjustified" language, the Seventh Circuit in subsequent cases has applied the less deferential standard of whether the parties position was "substantially justified."  *Bowerman*, 226 F.3d at 593.  Therefore, the Court applies the "substantially justified" standard.

light of its inconsistency with 12.05(b), Chairman Tobias' statements, and the ordinary meaning of the term, lacks a rational connection between the issue, the evidence, the text and the decision made." Dkt. No. 104, at 14. Moreover, although Defendants thought it unfair that Bandak would receive "double recovery," the Court stated that Defendants "cannot now hide behind 'notions of fairness' to avoid the straightforward application of the terms of the US Plan they drafted." *Id.* at 13. Not only did the Court view Bandak's position as a straightforward application of the terms of the US Plan, it also concluded that Defendants' interpretation of those same terms was not rational. *Id.* at 13-14. Accordingly, the Court concludes that Defendants' position with respect to Bandak's claim under § 1132(a)(1) was not "substantially justified."

Bandak requests attorneys' fees in the amount of $111,673.55. This amount includes fees related to the following: (1) the administrative process; (2) Bandak's unsuccessful attempt to compel discovery beyond the administrative record; (3) Defendants' Motion to Dismiss Count II; (4) the parties' Cross Motions for Summary Judgment; and (5) Bandak's Motion for Entry of Final Judgment.

First, Defendants argue that the Court should decrease Bandak's fee award by $22,061.55, the amount of fees that Bandak incurred during the administrative process. A "plaintiff is not entitled to a fee award for attorney work directed primarily at the administrative review process, as distinct from the litigation." *Franklin v. H.O. Wolding, Inc. Group Health & Welfare Plan*, 2004 WL 3059789, at *11 (S.D. Ind., Dec. 8, 2004). Therefore, the Court will not award fees related to the administrative process.

Second, Defendants argue that Bandak is not entitled to fees related to his unsuccessful attempt to compel discovery and his unsuccessful attempt to defend against

Defendants' Motion to Dismiss because he was not the "prevailing party." Bandak argues that, even though he lost on those two motions, he nonetheless won the overall case and, therefore, he is entitled to all of his attorneys' fees related to the litigation of his claim.

The Court agrees with Bandak. Although Bandak's did not succeed on his motion to compel and defense against Defendants' Motion to Dismiss, "where a party presents multiple claims for relief based on a common core of facts or related legal theories, no legal bar exists against awarding attorneys' fees for time spent on rejected claims." *Moriarty v. Svec*, 233 F.3d 955, 966 (7th Cir. 2000) (citing *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998)). The Court concludes that Bandak's claim for breach of fiduciary duty was based on the same common core of facts as his claim under § 1132(a)(1); namely, Defendants' wrongful offsets to his retirement benefits. In addition, the Court disagrees with Defendants that Bandak's fees should be reduced by the amount of fees Defendants incurred in defending against Bandak's Motion to Compel and asserting Defendants' Motion to Dismiss. Defendants did not prevail in this action. To the contrary, the Court denied their Motion for Summary Judgment and granted Bandak's Motion for Summary Judgment. As a result, Bandak is entitled to attorneys' fees related to his Motion to Compel and Defendants' Motion to Dismiss.

Finally, the Court notes that Defendants have not objected to Bandak's attorneys' billing rates or the number of hours billed by Bandak's attorneys. The Court concludes that Bandak's attorneys' rates and number of hours billed are reasonable. Based upon the affidavits and exhibits submitted by Bandak's attorneys, Bandak is entitled to attorneys fees and expenses in the amount of $89,612.00.

8

### III.  **CONCLUSION**

For the foregoing reasons, Plaintiff's, Stephen I. Bandak, Motion for Entry of

Final Judgment and for Attorneys' Fees, is **GRANTED**.  The Court will enter judgment

accordingly.

IT IS SO ORDERED this 10th day of February, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

John W. Purcell
BAKER & DANIELS LLP
john.purcell@bakerd.com

Paul A. Wolfla
BAKER & DANIELS LLP
paul.wolfla@bakerd.com